## *STATE v. DOLBY.

When a complaint before a police court for larceny described an offence, the *maximum* punishment of which, was greater than a police court had power to impose ;—it was *held*, that such court had no jurisdiction to try such offence, and that an appeal from its sentence, although it was to pay a fine within the power of that court to impose, must be dismissed.

*Held*, also, that the value of the goods as stated in the complaint, must govern the question of jurisdiction, and not the value as found on trial, and that this defect could not be cured, by amendment in the appellate court.

STATE against Henry I. Dolby.

This is an appeal from the police court of Farmington.

The complaint alleged, that one Curtis delivered to one Dore some shoe stock, &c., to be manufactured ; that Dore fraudulently disposed of a portion of the same, to wit: sixty pairs of welts of the value of three dollars, six pairs of lasts of the value of six dollars, patterns of the value of one dollar, and nails of the value of one dollar, to respondent, who was charged with receiving them, knowing them to have been feloniously stolen, &c. The police court found, that said Dolby "is guilty as in said complaint alleged," and sentenced him to pay a fine of twenty dollars and costs. Respondent, having appealed, moved in this court to dismiss, on the ground that the offence charged could be prosecuted only by indictment. Subject to exception, the motion was *pro forma* denied, and the state was permitted to amend, by striking out the values alleged and inserting smaller sums. The complaint, and the judgment of the police court, are made part of this statement.

*Hall*, solicitor, for state.

It is well settled in this state, that where a minor offence is in-

---

*This decision strikes at the foundation of *State* v. *Towle*, 48 N. H. 97 : See *State* v. *Runnels*, post, and note.

REPORTER.

484      STATE v. DOLBY.      [Strafford,

cluded in a greater the defendant may be acquitted of the latter and convicted of the former. Under indictment for capital offences, conviction may be had for misdemeanors. The jury on the trial may find a verdict on so much as is proved, rejecting that part in which the evidence fails, if there still remains sufficient foundation for a legal charge. *State* v. *Webster*, 39 N. H. 96, and authorities there cited. The respondent admits, that if he had been bound over by the magistrate, the jury might, under an indictment charging the same offence, have rejected certain allegations in the complaint, under instructions from the court, and returned a verdict of guilty of a simple assault. Why could not the magistrate, combining in the exercise of the duties of his office, the functions of judge and jury, do the same thing? We admit the charge in the complaint as originally drawn, to be beyond the jurisdiction of the magistrate to try and fully determine; still, the complaint was properly before the magistrate, for certain purposes at any rate. It was his duty to hear the case fully, as fully as the jury would do. The facts being before him, why may he not upon those facts so proven, render judgment upon so much as is proved, rejecting that part of the complaint upon which the evidence fails, if there still remains sufficient foundation for a legal charge, instead of going through the form of granting a discharge, and putting the state to the inconvenience and expense of bringing the respondent up before him again, upon complaint for a minor offence included in the offence charged in the complaint, on which the respondent has been discharged? It seems to us, that by adopting the course suggested, persons arraigned for crime have no ground of complaint on the score of expense, or failure of having speedy justice or denial of trial by jury.

*C. K. Sanborn*, for respondent.

This case is similar to the case of *State* v. *Jonas Runnals*, at this term before the court.

The motion to dismiss should prevail. The respondent cannot be held to answer to the complaint in the supreme court, the alleged offence being one which he is bound to answer only by indictment, and no indictment has been found. This complaint is brought under Gen. Stat. ch. 260, sec's 11 and 13. This complaint alleges, that the respondent received of one Dore, sixty "pairs of welts valued at three dollars, six pairs of lasts valued at six dollars, patterns of the value of one dollar, and nails of the value of one dollar;" all being of the value of eleven, knowing them, as is alleged, to have been feloniously stolen, an offence punishable by imprisonment not exceeding one year, and fine not exceeding one hundred dollars. Gen. Stat. ch. 260, sec. 4. This is an offence which may be punished by fine exceeding twenty dollars, or by imprisonment exceeding six months, and the police court have no authority or jurisdiction to determine the case by a fine or imprisonment—it exceeds the jurisdiction of that court. Gen. Stat. ch. 234, sec. 4. "Any jus-

tice may cause to be apprehended and committed to jail, or bound over with sufficient sureties to the supreme court, all persons charged with offences committed or triable in the county, exceeding his jurisdiction to try." Gen. Stat. ch. 234, sec. 5. The punishment of the alleged offence did exceed such jurisdiction of the police court, and the respondent should have been bound over to answer at the supreme court, if the evidence was sufficient, and not fined. Police courts have the jurisdiction of justices of the peace. Gen. Stat. ch. 196, sec. 5. When the value alleged is less than ten dollars, the police court would not have jurisdisdiction under this statute, because the fine exceeds twenty dollars. Gen. Stat. ch. 260, sec. 5. Otherwise in plea of guilty, or *nolo contendere,* Gen. Stat. ch. 234, sec. 7.

The amendment should not be allowed. As the complaint is, without the amendment, the respondent if found guilty would be punished by imprisonment no texceeding one year, and by fine not exceeding one hundred dollars. Gen. Stat. ch. 260, sec. 4 If the amendment be allowed, then the supreme court could not try the case upon appeal, there then must be an indictment because the fine *exceeds* twenty dollars, exceeding the jurisdiction of a police court. Gen. Stat. ch. 260, sec. 5.—Ch. 234, sec's 4 and 5. For " error or mistake," " defect or want of form, or addition," complaints may be amended. Gen. Stat. ch. 242, sec. 13. There is no error or mistake, nor any defect or want of form, or addition in this case, an offence is clearly set out, but the amendment changes the complaint from a higher crime to a lesser crime, to a different form of process. The complaint charges the respondent with an offence exceeding the jurisdiction of a police court, and if the amendment should be allowed, then it would be an offence exceeding such jurisdiction; and with or without the amendment it can be tried only by indictment, because the fine exceeds twenty dollars, to wit: fifty dollars. If an indictment had been found for the alleged offence, the jury could return a verdict for a lesser offence under the instruction of the court upon the evidence; but the supreme court cannot say it is a lesser offence or another offence, by amendment after an appeal from a police court.

BELLOWS, C. J. The offence charged in the complaint, as it stood originally, was for receiving goods to the value of eleven dollars, knowing them to have been stolen, describing an offence which, under sections four, eleven, and thirteen of ch. 260 of the General Statutes, is punishable by imprisonment, not exceeding one year, and by fine not exceeding one hundred dollars.

By ch. 234 § 4 of the same statutes, a justice of the peace has jurisdiction, when the punishment is by fine not exceeding twenty dollars, or by imprisonment not exceeding six months, or by both; and by ch. 195 § 5, police courts have jurisdiction and cognizance of all suits and proceedings in civil and criminal cases, that may be heard before a justice of the peace. This cause, then, was not within the jurisdiction of the police court, because the punishment

was more than it was authorized to impose. It is urged, however, that although the *maximum* punishment, is greater than the police court could impose, yet it might properly try the cause and impose a sentence that was within its power to impose; holding it to be like an accusation of a high crime, which includes a lesser offence, where there may be a conviction and punishment of the lesser offence only.

We think, however, this cannot be the law.' The offence as described in this complaint, is subject to a punishment, that places it beyond the jurisdiction of the police court. It is true, that the court upon trial might in its discretion, be disposed to inflict a lighter punishment than the *maximum*, and within the ordinary power of a police court to impose; but this cannot affect the question of jurisdiction. That must depend upon the offence described, in the complaint or indictment; and here the offence described is punishable by imprisonment for one year and a fine of one hundred dollars, and such an offence the police court has no jurisdiction. When the grade of the offence depends upon the amount, as in larceny, the statement of value in the complaint or indictment governs the question of jurisdiction. and not the finding of the court or jury.

The statement of the value, is part of the description of the offence, making the distinction between, the different grades* of larceny, and for that reason it is held to be necessary to state the value in the complaint or indictment. *State v. Goodrich*, 46 N. H. 186, and cases cited. So it is laid down in 2 Ch. Cr. Law *948, and so is 2 East, Crown Law 798, citing 2 Hale 183; and the same doctrine is found in Wharton's Am. Cr. Law 571, and cases cited; among them is *Hope v. Com.* 9 Met. 134.

From this, it would naturally be inferred, that, when the jurisdiction depends upon the value of the subject-matter of the offence, the statement in the complaint or indictment must be decisive, so far as to determine the question of jurisdiction, like anything else that is descriptive of the offence. If the value of the article stolen, is less than ten dollars, a justice of the peace has jurisdiction, and the supreme judicial court may dismiss the prosecution in such case when originally commenced therein. Gen. Stat. ch. 234 § 1. If the indictment, however, describes an offence not within the jurisdiction of a justice of the peace, the goods stolen being stated to be of the value of ten dollars or more, the supreme court would, without hesitation, exercise jurisdiction; the offence described being clearly within it.

It would be altogether anomalous, to institute an enquiry as to the actual value of the goods, and dismiss the prosecution if found to be below ten dollars in value.

Then, how should such an enquiry be made? Should it be upon plea in abatement or plea of not guilty? Such a precedent, we think, can no where be found in this state, and in view of the prob-

---

*See *State* v. *Pike, ante,* 405.

able consequences of such a practice, the courts would be slow to introduce it; for the jurisdiction would, in a large number of cases, be wholly uncertain, depending upon the estimate of different tribunals; a jury finding the goods of less value than ten dollars, and so not within the jurisdiction of the supreme court; and the justice or police court, finding them to be of ten dollars' value, and so not within their jurisdiction.

Again: what should be done, in case an indictment charged the stealing of sundry articles of the value in the aggregate of ten dollars or more, and the jury found the respondent guilty of stealing a part only, and those of less value than ten dollars?

It is clear in such case, that the jurisdiction of the court would not be affected, any more than if he was found to be not guilty of stealing any of the goods; and yet the allegation of value stands upon the same footing in respect to conferring jurisdiction, as the allegation that the respondent stole certain goods. Taking it all together, it charges an offence which is, or is not, within the jurisdiction of the court to try; and that, we think, must determine the question of jurisdiction.

This is in accordance with all the analogies in civil cases, where the jurisdiction depends upon the sum demanded in damages. There it has been uniformly, held, that the jurisdiction is determined by the *ad damnum* and is not defeated by showing that the matter in dispute is more or less than the sum demanded. So it is, in Massachusetts, *Hapgood* v. *Doherty*, 8 Gray 373, where the account annexed, which plaintiff claimed exceed the jurisdiction of the police court, but it was *held*, that the *ad damnum*, governed the jurisdiction. So, when the damages laid, were greater than the jurisdiction of a justice of the peace, but he rendered judgment, for a sum within his jurisdiction; on appeal the court above *held*, that the justice had no jurisdiction. *Ladd, Adm'r* v. *Kimball & al.*, 12 Gray 139.

Much the same is *Bank* v. *Pearson & al.*, 14 Gray 521, where, in a suit in the police court, the *ad damnum* exceeded the jurisdiction of that court, and there was judgment for defendant; on appeal the cause was dismissed for want of jurisdiction.

So, when, by the judiciary act of Congress of 1789, sec. 11, the circuit courts have jurisdiction in certain cases where the matter in dispute, exclusive of costs, exceeds the sum or value of $500, it is decided, that the amount laid in the declaration, is the amount in controversy. *Green* v. *Litee*, 8 Cranch. 229; *Gordon* v. *Longest*, 18 Peters. 97; and *Kanonse* v. *Martin*, 15 How. U. S. Rep. 198. And the same rule applies to the removal of causes from the state courts; and it was held in the last case, that after this right of removal was complete, the defendant could not be deprived of that right, by an amendment in the state court, reducing the sum demanded in the declaration.

Under the 20th section of this judiciary act, it was held, in *Green* v. *Litee*, before cited; that of the plaintiff shall recover less than $500, it affects the costs; and so is *Gordon* v. *Longest*, before cited.

In these cases, it seems to be well settled, that the *ad damnum* governs the question of jurisdiction not only when the statute makes the sum demanded in damages the criterion, but when it makes the amount in dispute the turning point.*

If it be true, as we think it is, that the question of jurisdiction in criminal causes, is to be determined by the character of the offence, as described in the complaint or indictment, it is equally true, that if the accusation also includes a lesser offence. there may be a conviction and punishment of such lesser offence, and therefore if in an indictment for grand larceny, the jury find the value of the goods, stolen to be such as to constitute petit larceny only, the conviction may be for the lesser offence only.

The principle of a decision, that should allow the police court to entertain jurisdiction of a charge for larceny of a higher grade than it could punish, would allow it to take jurisdiction of complaints for many crimes of a high grade, and render judgment therein, for some inferior offences, which it had jurisdiction to try, as in the case of a charge of manslaughter, or assault with intent to kill and murder, when upon indictment a jury might find the accused to be guilty of a simple assault and battery; or in the case of a charge of burglary, the respondent might be found guilty of larceny, to the amount of less than ten dollars.

In such cases, a judgment upon such finding, would be a bar to another trial for the higher offences, because the accused had once been tried for the higher offences and acquitted.

If the police court could try such complaints, and sentence the respondent for the lighter offences, it must be attended with the consequence that it would be a bar to another trial for the higher offences, and this could not for a moment be admitted.

The truth is, that neither a justice of the peace nor police court has any power to try such causes, any farther than to determine whether the accused shall be held to answer in another tribunal; and just so it is, when the charge is for a larceny of a higher grade, than it has power to punish.

In the case before us, the complaint charged a crime, that was beyond the power of the police court to try and pass sentence upon. He could neither, render a final judgment of not guilty, or that he was not guilty of the crime charged, but was guilty of a lesser crime. In the matter of Berry 7 Mich. 467,—which was habeas corpus to relieve a person from imprisonment, under a sentence by a police justice to pay a fine of $50, and in default thereof to be imprisoned ninety days for attempting to join in marriage a negro and a white person,—the offence was punishable by fine not exceeding $500, or by imprisonment not exceeding one year, and this was beyond the power of the police court to impose. It was held, that this was clearly beyond the jurisdiction of the police justice, and the prisoner

---

*See *Burleigh & a. v. Merrill, ante,* 35.

was discharged upon the ground, that when the maximum punishment exceeded the limits imposed upon police courts, they had no jurisdiction, and this case is in point here.

In the case of the *State* v. *Arlin*, 27 N. H. 128, which was an indictment for larceny of goods of a greater value than ten dollars, it was *held*, that there might be a conviction for stealing goods of less value than ten dollars. It appeared, that the respondent was bound over by a police justice, on a complaint, for stealing goods of a greater value than ten dollars, and the court, per Woods, J., *seems* to hold, this action of the police court, as decisive on the question of value, saying, that it was his duty to enquire, and if he found the goods of greater value than ten dollars, to bind over the accused, and if of less value than ten dollars, to try him. It will be perceived, that he does not consider the effect of the allegation in the complaint, nor does he discuss the question at all. He holds, however, that independently of these proceedings of the magistrate, the finding of the bill by the grand jury, would seem to have the effect of determining the jurisdiction of the court; and that, we think, was the sound view of the case. Had the learned judge's attention, been called to the fact that the charge in the complaint before the police court, was for an offence beyond its jurisdiction to try, we presume, he would have held as he did in respect to the charge in the indictment.

The question then arises, whether upon appeal an amendment could be made in the description of the offence, so as to remedy this want of jurisdiction, when the cause was tried.

The jurisdiction of this court, is in this case wholly appellate, and unless the court below had jurisdiction, this court could do nothing but dismiss the appeal. It could not make an amendment, to affect the case, as it stood before the police court. This is the doctrine in *Ladd* v. *Kimball & al.*, 12 Gray 139, which was tort, and the damages laid at $180, when the jurisdiction of the justice of the peace was only $100, he rendered judgment for that sum, from which defendant appealed; and in the appellate court, the plaintiff moved to amend by reducing the *ad damnum*, to $100, but the motion was denied, upon the ground, that whatever power the court above might have to amend, it could not affect the case, as it existed before the justice.

We think, also, that the allegation of value, is not matter of form, but of substance, and, therefore, cannot, under our statute, be amended. *State* v. *Goodrich*, 46 N. H. 186, and cases cited.

The appeal must, therefore,

*Be dismissed.*